This is National City Bank of Michigan versus Donna Jean Gaston. Oh, excuse me. Yes it is. And we have for the appellant Maureen Williams and for the defendant in the trial court. This is a case where an elderly woman and her vulnerable son were living in a home which was previously attempted to foreclose. The previous foreclosure was dismissed on September 17th, 2002. And the trial court issued an order on that same date dictating that $545,000 would be paid every month until March 1st of the next year when the new payment date would be set. The problem with this case or the toughest part in this case is getting your arms around the fact that a major bank or any bank for that matter can act fraudulently. But the evidence suggests that that is what happened. My brief sets out the details why we're claiming fraudulent actions on the part of the defendant. I'm sorry, on the appellee. The questions that come to mind as far as why we are claiming fraud on the part of the bank was the fact that this escrow analysis was the first document and only document in the file that lists that a December date would be the new date for a new payment. All the other documents in the file, and those are listed in my reply brief, lay out the fact that this payment change date can only occur once a year and that it has always been March 1st of every year. The other documents that point out that the payment change date occurs on March 1st are the number of Adjustment Rate Mortgage Notification letters that Ms. Gaston received. They're laid out in the appendix, in the main appendix, A8, A9, A10. Every year she received this notice and it said March 1st is your new court date. So they proceed with the foreclosure action in March of 03 and for the first time Ms. Gaston sees this escrow analysis that supposedly gave her a new court date. We are challenging this because first of all she never received this until she was in court in March. Something is just not right with this case when she consistently received different documents claiming different due dates. She received her typical notice, the Adjustable Rate Mortgage Notification, just as she had every year and it said your new payment due date is March 1st. That contradicts what this escrow analysis claimed her new payment due date was. It's odd that she received a letter, the first time she received it was February even though it was dated December, that said we received your payment, supposedly the October payment that they lost. Then they turn around and there's a January 03 letter saying we never received your payment. Didn't this court already address these same issues in the previous appeal and we reject them? I would disagree with that statement because the last appellate attorney did not raise these issues. She did not say, she did not bring an affidavit, she did not attempt to raise fraud as an issue. She merely brought different issues that were not addressed in this. It is true that she claimed that these payments were made, but what is different in this case is that we're alleging fraud and we are mentioning that this escrow analysis, which gives my client a new payment date, was never received by her and that has never been raised before and that's never been brought to this court's attention. When it was brought in my 1401 motion to vacate, avoid judgment, it was uncontroverted. The bank did not attempt to say it did. Well, the doctrine of res judicata bars the litigation of not only the issues which were previously litigated, but also those which could have been litigated based on the record before the court. It seems to me that what you are attempting to raise here all could have been raised earlier. Assuming they weren't raised by the prior attorney, why doesn't res judicata bar them? That is, what do we have before us that somehow couldn't have been addressed previously? I would agree with you, Your Honor. These could have been addressed earlier and they should have been. They weren't because of the previous… But how then doesn't res judicata apply? Well, what also applies is the equitable doctrine of 2-1401. And in that case, if we start with avoid judgment, none of this would have been in the court of appeals before. You mean, if there was bad lawyering in the earlier appeal, she should have raised something that she didn't raise, that it can continue to be raised now? Res judicata, this is kind of like an exception to it? I'm going with section 2-1401, and that is where I'm attacking the judgment itself, just because it's void. What if in a prior decision we said the judgment isn't void? Now what? We can continue to file 2-1401 motions anyway? I would submit that this issue was raised under 2-1401 because there were facts that were not brought to this court's attention. In the appellate brief at the previous appeal, it was claimed by the bank that Ms. Gaston did not make her payments, and that's just simply not true. She made every payment she was supposed to make. Section 2-1401 relief is, according to Paul v. Gerald Adelman & Associates, 858 Northeast 2nd 1, it states, The power to set aside a judgment and thus allow a litigant to have his or her day in court is based upon substantial principles of right and wrong, and is to be exercised for the prevention of injury and for the furtherance of justice. I believe that for the first time this court is, it has been brought to the attention of this court for the first time, that this escrow analysis was never received by Ms. Gaston until after the foreclosure action was instigated. Well, I remember this earlier case. It was less than two years ago, and my recollection is that the factual context, all of the facts, essentially were the same, including claims that, gee, I didn't get it, or the bank had messed up, and there was inconsistencies, which made me wonder, gee, isn't this case, this looks awful familiar, and sure enough. No, Your Honor, I would disagree, because when I read the appellate briefs from the previous appeal, I did not see that. I saw that this was the, I saw that there were a number of facts that were raised for the first time. It has never been raised before that Ms. Gaston did not receive the escrow analysis. That was not brought up before, and that's the crux of this case, where you have a document that supposedly gave her a new payment due date, which she had never received. That's fraudulent. You know, she receives this escrow analysis. It's dated October 2nd of 2002, and it's supposed to be effective October 1st, 2002. You know, the number of payments, I mean, these letters that one says we did not receive your, I don't believe any of this has been brought to this court's attention in the past. I saw the appellate brief from the previous appellate attorney, and I would. Well, what about what the record was before us in that last? That, Your Honor, I cannot dispute. The record was always there, and these facts were always in the record. But in the interest of justice, I would ask that this court address 2-1401 under the interest of justice. She made all her payments. She was not aware that she had a payment change date, and therefore she should not be foreclosed on if her payment date was always changed March 1st. This is a foreclosure action? Yes. Is your client still in that residence? I believe it's empty right now. Okay. And finally, the last thing that was actually brought up in the previous appeal was the fact that there was not a coupon book issued. And, you know, the way it was worded, it was as if, you know, this court probably rightly so just said this is not a big issue. She did not receive a coupon book. But, in fact, I would argue this was a big deal. This goes toward the showing of fraud. If Ms. Gaston asked for one repeatedly, the judge ordered the bank to issue a coupon book, it just seems odd that a coupon book, as simple as issuing a coupon book, was never sent out. And it's understandable if you're going to exercise fraud and you don't, you want to play around with the payment amounts, the payment due dates, don't send out a coupon book because then everything would be set in stone and she would know exactly, her payments probably would not have been lost, her October payment would not have been lost. It's telling. It's telling that she never received a coupon book. If she would have, there would be no discussion as to what the amount was and when the amount changed. If there are no further questions, I will conclude my remarks. Thank you, counsel. Thank you. Ms. Bitz. May it please the court and counsel. My name is Meredith Bitz. I'm the attorney for the plaintiff at Pele in this case. I know the court is familiar with the arguments in the briefs, so I will limit my argument just to highlight a couple of things. At the outset, I think it is significant to point out that the defendant's 214-01 motion consisted of a single sentence. You have to speak up a little bit, counsel. Oh, I'm sorry. Go ahead. The defendant's 214-01 motion consisted of a single sentence, which basically said, I made all of my payments. Because that motion did not meet the pleading requirement of a 214-01 motion and it didn't include the necessary elements, the plaintiff filed a motion to dismiss that 214-01 motion or petition. That motion was granted. Unless this court finds it was abuse of discretion to dismiss a one-sentence 214-01 motion, the defendant's appeal should be denied. The basis of the defendant's motion was that she was never in default and she tendered all payments. Then in her appellate court filings, the defendant began claiming that the plaintiff engaged in some sort of fraud with respect to correspondence sent to her. Was that presented to the trial court? No, it's not encompassed in her original motion, nor does the word fraud appear in Ms. Gaston's affidavit that was attached to that motion. So these claims of fraud that are encompassed in the brief and the reply brief really are not even properly before this court. So it's your position that she's limited to whatever was in the supporting document attached to her 214-01 petition? Which said, I made my payments. And that's it. It didn't accuse any party of fraud. It certainly didn't accuse our law firm of fraud or our client of fraud. Second, the defendant's motion to vacate was improper, as we argued to the trial court, because it didn't contain the necessary elements. In order to be entitled to 214-01 relief, you must show the existence of a meritorious defense or claim, due diligence in presenting that claim to the trial court, due diligence in filing the 214-01 petition. Her 214-01 petition doesn't say any of those things, except I made all my payments. Additionally, as we went on to explain in our motion to dismiss before the trial court in our brief to this court, the defendant can never establish the existence of a meritorious defense, because her claim that she has already made, her previous claim that she made all of her mortgage payments was previously adjudicated by the trial court. It was before this court on appeal. This court said, in a Rule 23 opinion, in this case, that no genuine issue of material fact exists, that the defendant failed to pay her $635.30 mortgage payment in October 2002 or any time thereafter. So the defendant's claim on a 214-01 petition that she made all of her payments is something that has already been adjudicated. What about the argument you heard Ms. Williams make that this is different because, I guess, some new facts are being called to our attention? Well, she's calling in new facts in her appellate brief for the first time. This claim about the escrow analysis, that the letter that set forth the escrow analysis, was attached to an affidavit filed in support of a motion to dismiss counterclaims filed back in 2004. So the fact that we're six years down the line here, the defendant is now claiming that there's some sort of fraud with respect to that analysis and that correspondence that was sent to her. I don't think she can argue that she's demonstrated due diligence in bringing that argument. She could have brought that argument in response to summary judgment. She filed a motion to reconsider. She filed a brief, a notice of appeal previously with this court. And now all of a sudden, not in her original 214-01 petition of vacate, but in her brief to this court, she's saying that there's some sort of fraud. Also, with respect to this due diligence factor in the 214-01 motion, the defendant waited approximately five months after this court had denied her previous appeal to bring her 214-01 motion to vacate in the trial court. I think this maneuver is more of an end run around the denial of her prior appeal than any sort of claim that there's fraud she's got an equitable argument to make under 214-01. Finally, in our appellate brief, our appellee brief, we had requested that our client's attorney's fees be paid in coming before this court and again arguing this issue about the defendant's payment default since those issues were previously decided. I'm not a law firm and I'm not an attorney that goes around seeking sanctions. Say that again, I couldn't hear you. I'm sorry, because I don't work for a law firm and I'm not an attorney that goes around seeking sanctions. We're just at a point here where the numerous filings by the defendant, especially in this case where we're talking about the dismissal of a one sentence 214-01 motion to vacate, we've already hashed out these issues about whether she was in default in the amount of her monthly mortgage payment and the fact that she didn't make payments in that amount. We have requested that our attorney's fees, reasonable attorney's fees, be paid in conjunction with prosecuting this appeal. What do you mean you're not with a law firm? I'm not with a law firm that goes around being overly aggressive and seeking sanctions against everyone. For filing every type of motion, everybody's entitled to their day in court. But certainly a defendant in this case has had that opportunity. The court has previously ruled on her claims. And again, we're here on the second time arguing these same things. So we request that a defendant's appeal be denied. Thank you, counsel. Thank you. Ms. Williams, rebuttal. Thank you. The FLE makes an argument as far as a one-line sentence for a motion to vacate, avoid judgment. The affidavit that Ms. Gaston signed was made part of that motion. It speaks for itself. If you read between the lines or if a person, if the trial court had, it was a very detailed affidavit. But the affidavit in a pleading is supposed to be in support of the pleading, not a substitute for the pleading. So if I'm the trial judge, I have a one-sentence statement in support of a petition for 214.01 claim. Why should I, are you suggesting that the court needs to go to the affidavit in support of the petition to find out what the basis of the petition is? No, Your Honor. You're correct. I didn't, I don't do civil law and I did not, I was not aware of that. I probably made a mistake. I was under the impression that an affidavit was sufficient. But there was a new fact in that affidavit and it mentioned for the first time that Ms. Gaston never received assessor analysis until the foreclosure had started. This is a new fact. It was brought up for the first time. It could have been brought up earlier by a previous attorney. It just never was. But it was not controverted. It was never at any time controverted by the bank. As far as fraud not appearing in any document, we spoke of fraud at the hearing on the motion to vacate the Boyd judgment. Finally, the tolling of the two-year statute, or two-year time period, it could have been tolled because of the appeal. On May 1st, 2007, an order of judgment confirming the sale was ordered and on February 20th of 2009 was the first time we filed a motion to vacate the Boyd judgment. That's not exactly two years. It's debatable whether this appeal to the Court of Appeals tolled the time period. Thank you. Thank you, counsel. We'll take this matter under advisement and recess.